21-2491(L)
United States v. Ahaiwe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-three.

PRESENT:
>BARRINGTON D. PARKER,
>MICHAEL H. PARK,
>ALISON J. NATHAN,
>>*Circuit Judges.*

---

United States of America,

>*Appellee,*

>v.                                        21-2491, 21-2946, 21-3082, 22-371

Victor Ahaiwe, Herman Bass, Ikechukwu Elendu,
>*Defendants-Appellants.*\*

---

FOR APPELLEE:                              JUN XIANG (Kevin Mead, Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLANT AHAIWE:**    JONATHAN ROSENBERG, Rosenberg Law Firm, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT BASS:**    John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, N.Y.

**FOR DEFENDANT-APPELLANT ELENDU:**    Jeremy Gutman, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

A jury convicted Victor Ahaiwe of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2. The government alleged that Ahaiwe and his coconspirators laundered the proceeds of a fraud against Uitvoeringsorgaan Sociale en Ziektekosten Verzekeringen ("SZV"), a Sint Maarten entity. The fraudster wired the proceeds to coconspirator Arinze Obika, with the wire (the "SZV Wire") passing through an intermediary bank in Manhattan. Obika then sent a portion of the funds to coconspirator Herman Bass, who sent a portion to Ahaiwe. Ahaiwe moved the funds through various bank accounts in the name of his deceased friend Fatah Paramole, whose identity Ahaiwe had stolen, following which Ahaiwe kept a portion of the funds for himself and sent a portion back to Bass. Ahaiwe now appeals, arguing that the district court erred in denying his motion for a motion for a judgment

of acquittal or for a new trial on the grounds that (1) the jury's verdict lacked substantial evidence as to venue and (2) the district court erred in admitting certain evidence of Ahaiwe's history of identity theft and money laundering.    We affirm.

**I.    Venue**

We affirm the district court's holding that the jury's verdict as to venue was supported by substantial evidence.    We review a district court's ruling regarding venue de novo.    *See United States v. Geibel*, 369 F.3d 682, 695 (2d Cir. 2004).    The Sixth Amendment and Federal Rule of Criminal Procedure 18 "require that a defendant be tried in the district where his crime was committed."    *United States v. Rutigliano*, 790 F.3d 389, 395 (2d Cir. 2015).    "The Government bears the burden of proving venue by a preponderance of the evidence.    Where the government has prevailed at trial, we review the sufficiency of the evidence as to venue in the light most favorable to the Government, crediting every inference that could be drawn in its favor."    *United States v. Lange*, 834 F.3d 58, 69 (2d Cir. 2016) (citations and internal quotation marks omitted).[1]

The district court held that substantial evidence supported the verdict as to venue because the SZV Wire "traveling through the Southern District of New York [was] sufficient to create venue" there.    App'x at A588; *see also Rutigliano*, 790 F.3d at 397 ("[V]enue lies where a wire in furtherance of a scheme begins its course, continues or ends.").    Ahaiwe agrees that this theory established venue if the recipient of the SZV Wire was indeed his coconspirator.    But he argues that for several reasons, "the evidence only supports a finding that a separate conspiracy existed

---

[1] The government argues that Ahaiwe did not file a timely motion for judgment of acquittal or for a new trial, resulting in either waiver or forfeiture of his venue objection.    We assume without deciding that the belated motion adequately preserved Ahaiwe's objections.

3

between Ahaiwe and Bass" alone, and "neither . . . committed any acts in furtherance of that conspiracy in the Southern District." Appellant's Br. at 11. We reject these arguments.

First, Ahaiwe argues that the district court erred in admitting the summary testimony of Thomas Caselli, who created charts and exhibits summarizing voluminous bank records that showed Ahaiwe's links to the larger conspiracy, under Federal Rule of Evidence 1006. The testimony showed "the movement of funds from the victim through a series of bank accounts up to a network of final resting places in different states across the country," including by "the defendant." App'x at A593. Ahaiwe's only objection to this evidence at trial, in a pretrial motion *in limine*, argued that Caselli's testimony constituted expert testimony rather than summary testimony. "We review evidentiary rulings by the district court for abuse of discretion." *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019) (abrogated on other grounds by *Ciminelli v. United States*, 143 S. Ct. 1121 (2023)). The district court did not abuse its discretion in finding that Caselli's testimony "was not an expert opinion but rather merely a summary of the relevant financial records." *Id.* at 50.

Ahaiwe also raises two unpreserved objections to Caselli's testimony, arguing that he "failed to provide an adequate foundation" and "failed to disclose any assumptions that he may have made in summarizing the bank records." Appellant's Br. at 14, 16. We review these objections for plain error only. *See United States v. Helm*, 58 F.4th 75, 84 (2d Cir. 2023) ("To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights," which we will rectify "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."). We see no plain error in the district

4

court's admission of Caselli's testimony.[2]

Second, Ahaiwe argues that a text message in which Bass stated that he acted alone demonstrated that Ahaiwe did not conspire with anyone besides Bass. But the same text message exchange showed that Ahaiwe believed Bass to be conspiring with others to launder money. From this evidence, plus the financial records showing that Ahaiwe participated in a complex network of transactions with others throughout the country aimed at laundering the SZV funds, the jury could find Ahaiwe's membership in the larger conspiracy. *Cf. United States v. Khalupsky*, 5 F.4th 279, 288 (2d Cir. 2021) (noting that conspiracy requires "entr[y] into a joint enterprise for an unlawful purpose, with awareness of its general nature and extent," but not knowledge of "all of the details of the conspiracy" or "the identities of all of the other conspirators"). Thus, Ahaiwe's objections to the district court's venue ruling fail.[3]

**II.    Other Acts Evidence**

We also affirm the district court's admission of evidence related to Ahaiwe's past activities. In advance of the trial, the government moved *in limine* to admit evidence "that Ahaiwe stole the identities of multiple victims beyond Fatah Paramole." Dist. Ct. Dkt. 260 at 9. Ahaiwe used some, but not all, of the other identity theft victims' accounts in conjunction with the Paramole accounts to launder money. The district court admitted the evidence of other victims linked to

---

[2] Ahaiwe also argues that the district court erred in charging the jury to "decide whether the charts or summaries correctly present the information on which they are based." Appellant's Br. at 18. But he requested the instruction himself.

[3] Ahaiwe also argues that the district court should have charged the jury with a multiple-conspiracy instruction. He did not preserve this objection, and again we see no plain error. *Cf. United States v. Dawkins*, 999 F.3d 767, 797 (2d Cir. 2021) (noting that a multiple-conspiracy instruction is not appropriate "when the evidence shows that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal" (cleaned up)).

the Paramole accounts as both "direct evidence of the crimes charged" and "to show the defendant's knowledge, intent and absence of mistake, opportunity, preparation, and plan" under Federal Rule of Evidence 404(b).  Dist. Ct. Dkt. 273 at 7.  And the district court instructed the jury to use the evidence of identity theft victims whose accounts were *not* used in connection with the Paramole accounts "solely for whatever light that you find it sheds, if any, on the defendant's" knowledge, intent, innocent mistake, or accident "with regard to the crimes charged," and not "as a substitute for proof that the defendant committed the crimes with which he is charged," in accordance with Rule 404(b).  App'x at A550.

Although Rule 404(b) forbids the admission of evidence of a defendant's past wrongs "to prove a person's character in order to show that . . . the person acted in accordance with the character," it allows the admission "for another purpose," such as to prove "intent, preparation, plan, [or] knowledge."  Fed. R. Evid. 404(b).  "This Circuit follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402."  *United States v. Graham*, 51 F.4th 67, 81-82 (2d Cir. 2022) (citation omitted).  "Relevance toward a permissible purpose often turns on the similarity between the prior act and the charged offense."  *Id.* at 82.  But evidence of past wrongs is admissible regardless of Rule 404(b) when the acts "arose out of the same transaction or series of transactions as the charged offense, if they are inextricably intertwined with the evidence regarding the charged offense, or if they are necessary to complete the story of the crime on trial."  *United States v. Curley*, 639 F.3d 50, 58-59 (2d Cir. 2011) (cleaned up).

The district court's rulings did not abuse its discretion.  First, under Rule 404(b), the other

6

victims were indeed relevant to Ahaiwe's intent to engage in and knowledge of the money laundering and bank fraud conspiracies. And the district court permissibly found that the probative value of the evidence outweighed the prejudice to Ahaiwe because lack of intent was his primary defense. *Cf. Graham*, 51 F.4th at 82 (affirming the admission of acts with the same "hallmarks" as the charged conduct as "probative of [] fraudulent intent," the lack of which was the defendant's "principal defense" at trial). The disputed evidence was not "more sensational . . . than the crimes with which [Ahaiwe] was charged," and an appropriate limiting instruction "mitigated any lingering risk of prejudice" to Ahaiwe. *Curley*, 639 F.3d at 59.[4] Second, the district court's decision to admit evidence of the money-laundering victims whose "funds . . . flowed into any of the . . . Paramole Accounts" did not abuse its discretion. Dist. Ct. Dkt. 273 at 7. That evidence tended to show Ahaiwe's control of the Paramole accounts and use of the accounts as part of the charged conspiracies.

---

[4] We also reject Ahaiwe's argument that the district court did not adequately explain its weighing of the Rule 403 factors. *See United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015) (noting that "[w]e do not require a district court to articulate the relevant considerations on the record, and we ordinarily assume that . . . due consideration was given" in assessing Rule 403 balancing (cleaned up)).

We have considered all of Ahaiwe's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] John S. Wallenstein and Jeremy Gutman, counsel for Ahaiwe's co-defendants, Herman Bass and Ikechukwu Elendu, each move for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government moves to dismiss Bass's and Elendu's appeals based on their appeal waivers, or, in the alternative, for summary affirmance of their convictions and sentences. Upon due consideration, the *Anders* motions are granted. For Bass and Elendu, we also grant the government's motion to dismiss their appeals of their custodial sentences, terms of supervised release, forfeiture orders, restitution orders, and mandatory special assessments as barred by their appeal waivers. We grant the summary affirmance motion as to their convictions and conditions of supervised release.